## dlf9601@aol.com

| | |
|---|---|
| **From:** | dlf9601@aol.com |
| **Sent:** | Thursday, August 29, 2024 3:20 PM |
| **To:** | 'Tim Kuiper' |
| **Cc:** | 'douglas miller'; 'Mells' |
| **Subject:** | RE: Duke of Oil/Hands On |
| **Attachments:** | Item 17-Lease.pdf |

Tim, I'm sorry to be slow in responding to your below email. For your information I am enclosing a copy of the lease agreement between Hands-On Carwash llc. and Gentle Touch Carwash llc. Pursuant to the information supplied by my client, this lease came into existence after construction of the carwash when the SBA was going to fund the loan. All the tangible assets and the land lease were funded by this loan. My proposed judgment is going to say that Gentle Touch does not have any interest in the land lease or tangible assets and never did. Thus, there will be no mention of the secured creditors of Gentle Touch. If there are assets owned by Gentle Touch their liens can attach to them. My understanding there are none. Thus, there is nothing for their liens to attach to. I hope this answers your questions. Again, I am more than happy to sit down with you and your clients to discuss this if you desire.

Dan

Daniel L. Freeland
Daniel L. Freeland and Associates, P.C.
9105 Indianapolis Blvd.
Highland, In. 46322
(219) 922-0800
(219) 922-1261 fax
Board certified- Business Bankruptcy Law
and Consumer Bankruptcy Law
American Board of Certification



**From:** Tim Kuiper
**Sent:** Wednesday, August 28, 2024 9:48 AM
**To:** dlf9601@aol.com
**Cc:** 'douglas miller' <dougmiller2000@yahoo.com>; 'Mells' <emells73@yahoo.com>
**Subject:** RE: Duke of Oil/Hands On

Do you plan on adding the UCC creditors for Gentle Touch Car Wash to the court proceeding?
If no, how do you remove/terminate the Gentle Touch Carwash UCC filings allegedly for the equipment, fixtures, etc.? Without those creditors in the lawsuit, you can't terminate their interest (whatever that interest may be).

Thank you.



1

*Timothy R. Kuiper*
AUSTGEN KUIPER JASAITIS P.C.
130 N. Main Street
Crown Point, Indiana 46307
Phone:(219)663-5600
Fax: (219)662-3519
Email: tkuiper@austgenlaw.com
*Providing legal assistance in the areas of Business, LLC and Corporate Law; Wills, Trusts, Estate Planning, Trust Administration, and Probate; Real Estate, Land Use, and Zoning; Litigation; Collections; Traffic Offenses; and Personal Injury.*

The information transmitted in this e-mail message and attachments, if any, may be attorney-client information, including privileged and confidential matters, and is intended only for the use of the individual or entity named above. Distribution to, or review by, unauthorized persons is prohibited. All personal messages express views solely of the sender, which are not to be attributed to Austgen Kuiper Jasaitis P.C. If you have received this transmission in error, immediately notify us by reply email or contact us at (219) 663-5600 and permanently delete this transmission including attachments, if any. Thank you.
All personal messages express the views only of the sender, which are not to be attributed to Austgen Kuiper Jasaitis P.C., and may not be copied or distributed without this statement.

**From:** dlf9601@aol.com <dlf9601@aol.com>
**Sent:** Wednesday, August 28, 2024 9:33 AM
**To:** Tim Kuiper <tkuiper@austgenlaw.com>
**Cc:** 'douglas miller' <dougmiller2000@yahoo.com>; 'Mells' <emells73@yahoo.com>
**Subject:** Duke of Oil/Hands On

Tim, attached to this email is a revised redline version of the proposed Purchase and Sale Agreement between our clients. I have removed Gentle Touch from the agreement and provided a new contingency requiring a judgment terminating Gentle Touch's right to possession and determining that it has no rights in the land lease or any of the equipment or fixtures being sold by Hands-On. I think it is imperative that Gentle Touch not be a party to this agreement. Please review this. Both my clients and I are available to meet to discuss this if you so desire.

Daniel L. Freeland
Daniel L. Freeland and Associates, P.C.
9105 Indianapolis Blvd.
Highland, In. 46322
(219) 922-0800
(219) 922-1261 fax
Board certified- Business Bankruptcy Law
and Consumer Bankruptcy Law
American Board of Certification



2

## LEASE AGREEMENT

**THIS AGREEMENT** (the "Lease") is made this 18th day of October, 2008, by and between, HANDS ON PREMIUM CAR WASH LLC, an Indiana limited liability company, (hereinafter referred to as "Lessor") and GENTLE TOUCH CAR WASH LLC, an Indiana limited liability company, (hereinafter referred to as "Lessee").

In consideration of the covenants contained in this Agreement, the Parties agree as follows:

**WHEREAS,** Lessee desires to lease the building and adjacent area at 8445 Wicker Ave., Saint John, Indiana ("Premises") from Lessor, and

**WHEREAS,** Lessor desires to lease such space to Lessee, the Parties now agree as follows:

1. **PROPERTY LEASED**

    1.1   Lessor leases to Lessee and Lessee leases from the Lessor the building and adjacent land, commonly known and presently located on the following parcel:

    > Lot 2 in Gardenia Gardens, an Addition to the Town of St. John, per plat thereof, recorded in Plat Book 102 page 6, in the Office of the Recorder of Lake County, Indiana

    > 8445 Wicker Ave., Saint John, Indiana

    1.2   The Lessor promises, subject to Lessee's performance of all of the terms and conditions of the Lease, that Lessee shall be entitled to the quiet and peaceful enjoyment and undisturbed possession of the Premises for the term of this lease for the purpose of the commercial operation of Lessee.

2. **TERM**

    2.1   **TERM.**   The term of this Lease (the "Term") shall commence on the signing of this lease (the "Commencement Date") and shall run for a period of twenty (20) years, to expire on November 1, 2028 unless sooner terminated in accordance with the terms herein.

    2.2.   **POSSESSION.**   Possession of the Premises shall be delivered to the Lessee on the Commencement Date.

    2.3   **OPTION TO RENEW.**   Lessee is hereby granted an option to renew this Lease for two (2) consecutive five (5) year terms. Notice of the exercise of such option shall be given not less than six (6) months prior to the expiration of the original or subsequent term.

3. **CONSIDERATION**

   3.1 **RENT.** Lessee agrees to pay and Lessor agrees to accept rent on the following schedule: commencing November 1, 2008 and until mortgages with First National Bank and U. S. Small Business Administration (SBA) or its successors, is paid off, Lessee agrees to pay rent on the first day of each month and monthly thereafter. Lessor & Lessee both acknowledge that Lessor's cost of financing will not be known until March 1, 2009 and further agree that final rent payments will be agreed to subject to Lessor's loan payments in connection with the financing of the Premises. Lessor and Lessee agree that the rent payments shall be the same as the loan payments of the Lessor to First National Bank and on its 504 loan plus amounts to cover allowable expenses not paid by Lessee.

   3.2 **ADDITIONAL CHARGES.** In addition to the monthly rent payments referenced in 3.1, Lessee agrees, commencing on the Commencement Date, to pay all property taxes and assessments levied against the Premises.

4. **INSURANCE**

   4.1 **COVERAGE.** During the term, Lessee, at its own cost and expenses, shall:

   a. Keep the Premises insured with an all risk insurance policy in an amount sufficient to cover the cost of replacement (without deduction for depreciation).

   b. Provide and keep in force comprehensive general liability insurance against claims for personal injury, death or property damage occurring on, in or about the Premises, within the limits presently carried for its commercial operations.

   4.2 **POLICIES.** All insurance required by Lessor and provided by Lessee shall be carried in favor of Lessor and Lessee, as their respective interests may appear.

   4.3 **LOSS AND DAMAGE.** Lessor shall not be liable for any death or injury occurring on the Premises, nor for the loss of or damage to any property of Lessee or others by theft or otherwise, from any cause whatsoever. Lessor shall not be liable for any damage caused by other persons or occupants of adjacent property, or the public, or caused by operations in construction of any private, public or quasi-public work.

5. **THE PREMISES.**

5.1   **REPAIRS AND MAINTENANCE.** Lessee shall, at all times during the term, at its own cost and expense, keep and maintain the Premises and all fixtures located on it in good order and condition and shall make all necessary and desirable repairs, restorations and replacements thereof, and shall use all reasonable precautions to prevent waste, damage or injury. Lessor shall be responsible for all structural maintenance.

5.2   **ALTERATIONS.**   Lessee shall have the right to make any alteration, change, additional or improvement in or to the interior of the Premises without the prior written consent of the Lessor in the ordinary course of Lessee's business operation. The alterations shall be performed in a first class workmanlike manner at Lessee's sole expense, and shall not weaken or impair the structural strength or lessen the value of the premises, or change the purpose for which the Premises may be used.

5.3   **INSPECTION.**   Lessor and their representatives shall have the right to enter the Premises at reasonable hours of any business day to ascertain that the Premises are in proper repair and condition.

5.4   **POSSESSION.** The taking of possession of the Premises by Lessee shall be conclusive evidence that the Lessee has accepted the Premises "As Is".

6. **INDEMNIFICATION**

   6.1   Lessor and Lessee shall each indemnify and hold the other harmless from all liability, claims, expenses and penalties resulting from any breach by such party of any of its obligations pursuant to this Lease, or from the negligence, acts or omissions of such part of its partners, officers, agents, representatives, employees, contractors or invitees.

7. **ENFORCEMENT**

   7.1   **DEFAULTS.**   Each of the following events is a default and a breach of this Lease by Lessee:

   a.   If Lessee files a petition in bankruptcy, insolvency, dissolution or for the reorganization or arrangement under the laws of the United States or of any state, or voluntarily takes advantage of any such law or act or is dissolved or makes an assignment for the benefit of creditors.

   b.   If Lessee fails to pay Lessor any rent or other charge when it becomes due and payable and fails to make such payment within ten (10) days after written notice thereof by Lessor to Lessee.

    c.    If Lessee fails to perform any of its obligations under this Lease and such non-performance continues for a period within which performance is required to be made by specific provision of this Lease or, if no such period is provided, for a period of thirty (30) days after written notice thereof by Lessor to Lessee; or if such performance cannot be reasonably had within such thirty (30) day period, Lessee has not in good faith commenced such performance within such thirty day period or has not diligently proceeded therewith to completion.

## 8. CONDEMNATION

8.1   If any portion of the Premises or parking areas which is condemned or taken by eminent domain and such taking shall result in Lessee's loss of reasonable access to the Premises, Lessee may, at its option, cancel this Lease upon the giving of fifteen (15) days prior written notice to Lessor. Effective as of the earlier of the date of such taking by the condemning authority or Lessee's surrender of possession of the Premises.

## 9. SUBORDINATION

9.1   The Lessor and Lessee each acknowledge this lease is subordinate to the Security Interest, Deed of Trust or Mortgage of First National Bank, 3256 Ridge Road, Lansing, Illinois 60438, the U. S. Small Business Administration and the Business Development Corporation, 211 West Washington Street, Suite 1710, South Bend, Indiana 46601. Lessor and Lessee also acknowledge that all rents paid under this Lease are assigned to First National Bank and the Business Development Corporation.

## 10. MISCELLANEOUS

10.1   **NOTICES**. Every notice, approval, consent or other communication authorized or required by this Lease shall be effective if given in writing and hand delivered or sent by United States Postal Service Registered or Certified Mail and directed to the Lessor's offices at Hands On Premium Car Wash LLC, 636 Cambridge Ct., Unit 2B, Munster, IN 46321, and to Lessee's offices at Gentle Touch Car Wash LLC, 636 Cambridge Ct., Unit 2B, Munster, IN 46321, or such other address as either party shall from time to time designate in writing. Every notice shall be deemed effective upon delivery, if delivered, or on the second business day after mailing, if mailed. All payments to the Lessor shall be made at the address designated for notices to the Lessor.

10.2   **CONSTRUCTION.** In the event any of the provisions of this Lease shall be court ordered to be invalid or in contravention of any of the laws of the United States or of the state having jurisdiction over the subject matter of any dispute arising under it, such invalidation shall not serve to affect the remaining

portion of this Lease. To the extent permitted by the laws of the state were the Premises are located, this Lease shall be governed by and construed in accordance with the laws of the State of Indiana.

10.3   **SUCCESSORS**. This contract shall bind Lessor and Lessee and their successors, heirs, assigns, administrators, and legal representatives, as the case may be.

10.4   **RECORDING**. Lessee shall upon request of Lessor execute a short form of this Lease on a written document witnessed and acknowledged in a form capable of being recorded in the public records of the county where the Premises are located.

10.5   **BINDING EFFECT.** This Agreement shall become immediately binding on the Parties to this Lease on the date the last party signs it.

The Lessor and Lessee have respectively signed this Lease as of the date indicated on the first page of this Lease.

**"LESSOR"**

Hands On Premium Car Wash LLC

By: _____
Douglas M. Miller, Member

**"LESSEE"**

Gentle Touch Car Wash LLC

By: _____
Douglas M. Miller, Manager

By: _____
Edward M. Miller, Manager

STATE OF INDIANA      )
                      ) SS:
LAKE COUNTY           )

Before me, the undersigned, a notary public for Lake County, state of Indiana, personally appeared Douglas M. Miller, the Member of Hands On Premium Car Wash LLC, who acknowledged the execution of the foregoing document and stated it to be the voluntary act and deed of said Hands On Premium Car Wash LLC and his voluntary act and deed as such officer. Witness my hand and notarial seal this 18th day of October 2008.

My commission expires:

2-13-2015

_____, Notary Public,
a resident of _LAKE_ County, Indiana

"OFFICIAL SEAL"
Brenda K. Peers
Notary Public, State of Indiana
County of Lake
My Commission Expires 2-13-15

STATE OF INDIANA      )
                      ) SS:
LAKE COUNTY           )

Before me, the undersigned, a notary public for Lake County, state of Indiana, personally appeared Douglas M. Miller, the Manager of Gentle Touch Car Wash, LLC, who acknowledged the execution of the foregoing document and stated it to be the voluntary act and deed of said Gentle Touch Car Wash, LLC and his/her voluntary act and deed as such officer. Witness my hand and notarial seal this 18th day of October 2008.

My commission expires:

2-13-2015

_____, Notary Public,
a resident of _LAKE_ County, Indiana

"OFFICIAL SEAL"
Brenda K. Peers
Notary Public, State of Indiana
County of Lake
My Commission Expires 2-13-15

STATE OF INDIANA )
) SS:
LAKE COUNTY )

Before me, the undersigned, a notary public for Lake County, state of Indiana, personally appeared Edward M. Miller, the Manager of Gentle Touch Car Wash, LLC, who acknowledged the execution of the foregoing document and stated it to be the voluntary act and deed of said Gentle Touch Car Wash, LLC and his/her voluntary act and deed as such officer. Witness my hand and notarial seal this 18th day of October 2008.

My commission expires:
2-13-2015

_____, Notary Public,
a resident of Lake County, Indiana

F:\Clients\B0629\2007 form Lease Agreement.doc

"OFFICIAL SEAL"
Brenda K. Peers
Notary Public, State of Indiana
County of Lake
My Commission Expires 2-13-15

 Gmail

Cherrye n/a <cherrye@dfreeland.com>

## Monday Appointment and Documents
1 message

**Cherrye n/a <cherrye@dfreeland.com>**  Thu, Apr 3, 2025 at 12:20 PM
To: goodrichel@yahoo.com

Hi Ericka,

You have an appointment with me on Monday, April 7, 2025, at 10:00 a.m. You can bring the following documents/information with you or email anything ahead of time to me here:

- All paystubs from October to current
- Proof of any disability payments received since October
- 2023 and 2024 taxes with w2's
- January - March for all bank accounts in your name, on the original sheet it looks as thought you have accounts at Chase, Bank of America, USAA, Perdue FCU and State Farm FCU; even if these accounts have nothing in them or you rarely use, I still have to have statements for all of them; if your name is on Mom's account - I do not need her statements, simply the name of the bank, type of account, last 4 digits and an approximate balance, her accounts are not affected by the bankruptcy - we simply have to report it under Federal Law as property held for another person.
- Driver license and social security card
- Name of term life insurance company
- Name of 401k administrating company
- Any bills that might not be on the credit report that were not on the original list you brought in

If you have trouble getting these before the appointment, that is not a big deal, just bring/send as much as you can.

**Thank you,**

**Cherrye Simmons**
**Paralegal**
**Daniel L. Freeland & Associates, P.C.**
**9105 Indianapolis Blvd.**
**Highland, IN 46322**
**Phone (219) 922-0800**

CONFIDENTIALITY NOTICE: Nothing in this email should be construed as Legal Advice. This e-mail message, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, you may NOT use, disclose, copy or disseminate this information. Please contact the sender by reply e-mail immediately and destroy all copies of the original message, including all attachments.