# dlf9601@aol.com

**From:** dlf9601@aol.com
**Sent:** Friday, September 13, 2024 12:30 PM
**To:** 'Tim Kuiper'
**Cc:** 'Douglas Miller'; 'Mells'
**Subject:** RE: Duke of Oil/Hands On

Tim, I beg to differ with your interpretation of the law. If every time a landlord rents to an operating entity and the operating entity obtains financing on its assets, and that the lien also attaches to the landlord's assets it is a new legal concept. Notwithstanding that, if I name the two Gentle Touch secured creditors as defendants and have the court determine that they have no lien on the Land Lease or tangible personal property on the premises, will that suffice. I would have a count of the complaint stating that we have a potential purchaser of the property who requires this determination as a condition precedent to sale. I think this would be sufficient justification for the court to exercise jurisdiction in declaring the liens void as to the assets that are being sold. I would probably file this in Commercial Court, and I would not want the Judge to say that there was no basis for granting relief. The fact that you as a seller are requiring it, I think would be sufficient. I am copying my clients with this because I want them to make the decision. To allege that a Gentle Touch creditor has a potential interest in the landlord's property can open a can of worms. I don't want that to be an admission against interest particularly when I don't think there is any foundation for the same. Please advise as to whether listing the creditors is sufficient. I will confirm with my clients their agreement.

Dan

Daniel L. Freeland
Daniel L. Freeland and Associates, P.C.
9105 Indianapolis Blvd.
Highland, In. 46322
(219) 922-0800
(219) 922-1261 fax
Board certified- Business Bankruptcy Law
and Consumer Bankruptcy Law
American Board of Certification



**From:** Tim Kuiper
**Sent:** Thursday, September 12, 2024 10:42 AM
**To:** dlf9601@aol.com
**Subject:** RE: Duke of Oil/Hands On



Dan:

I understand what you are stating, however, that does not clear the Gentle Touch UCC filings that provide they have a secured interest in assets located on the property, which is tied in by the recorded lease between Gentle Touch and

1

Hands On Premium Carwash (HOPC). Further, there is nothing definitive that shows they don't have a secured interest in the UCC listed items.

Again, my client is willing to enter into a Purchase Agreement with only HOPC, but title and the UCC filings for both HOPC and Gentle Touch have to be released or terminated in some fashion. A lawsuit that removed Gentle Touch without including the UCC creditors is not sufficient to clear the Gentle Touch UCC issues.

Thank you.

*Timothy R. Kuiper*
AUSTGEN KUIPER JASAITIS P.C.
130 N. Main Street
Crown Point, Indiana 46307
Phone:(219)663-5600
Fax: (219)662-3519
Email: tkuiper@austgenlaw.com
***Providing legal assistance in the areas of Business, LLC and Corporate Law; Wills, Trusts, Estate Planning, Trust Administration, and Probate; Real Estate, Land Use, and Zoning; Litigation; Collections; Traffic Offenses; and Personal Injury.***

The information transmitted in this e-mail message and attachments, if any, may be attorney-client information, including privileged and confidential matters, and is intended only for the use of the individual or entity named above. Distribution to, or review by, unauthorized persons is prohibited. All personal messages express views solely of the sender, which are not to be attributed to Austgen Kuiper Jasaitis P.C. If you have received this transmission in error, immediately notify us by reply email or contact us at (219) 663-5600 and permanently delete this transmission including attachments, if any. Thank you.
All personal messages express the views only of the sender, which are not to be attributed to Austgen Kuiper Jasaitis P.C., and may not be copied or distributed without this statement.

**From:** dlf9601@aol.com <dlf9601@aol.com>
**Sent:** Thursday, August 29, 2024 3:20 PM
**To:** Tim Kuiper <tkuiper@austgenlaw.com>
**Cc:** 'douglas miller' <dougmiller2000@yahoo.com>; 'Mells' <emells73@yahoo.com>
**Subject:** RE: Duke of Oil/Hands On

Tim, I'm sorry to be slow in responding to your below email. For your information I am enclosing a copy of the lease agreement between Hands-On Carwash llc. and Gentle Touch Carwash llc. Pursuant to the information supplied by my client, this lease came into existence after construction of the carwash when the SBA was going to fund the loan. All the tangible assets and the land lease were funded by this loan. My proposed judgment is going to say that Gentle Touch does not have any interest in the land lease or tangible assets and never did. Thus, there will be no mention of the secured creditors of Gentle Touch. If there are assets owned by Gentle Touch their liens can attach to them. My understanding there are none. Thus, there is nothing for their liens to attach to. I hope this answers your questions. Again, I am more than happy to sit down with you and your clients to discuss this if you desire.

Dan

Daniel L. Freeland
Daniel L. Freeland and Associates, P.C.
9105 Indianapolis Blvd
Highland, In. 46322
(219) 922-0800
(219) 922-1261 fax
Board certified- Business Bankruptcy Law

and Consumer Bankruptcy Law
American Board of Certification



**From:** Tim Kuiper
**Sent:** Wednesday, August 28, 2024 9:48 AM
**To:** dlf9601@aol.com
**Cc:** 'douglas miller' <dougmiller2000@yahoo.com>; 'Mells' <emells73@yahoo.com>
**Subject:** RE: Duke of Oil/Hands On

Do you plan on adding the UCC creditors for Gentle Touch Car Wash to the court proceeding?
If no, how do you remove/terminate the Gentle Touch Carwash UCC filings allegedly for the equipment, fixtures, etc.? Without those creditors in the lawsuit, you can't terminate their interest (whatever that interest may be).

Thank you.

*Timothy R. Kuiper*
AUSTGEN KUIPER JASAITIS P.C.
130 N. Main Street
Crown Point, Indiana 46307
Phone:(219)663-5600
Fax: (219)662-3519
Email: tkuiper@austgenlaw.com
*Providing legal assistance in the areas of Business, LLC and Corporate Law; Wills, Trusts, Estate Planning, Trust Administration, and Probate; Real Estate, Land Use, and Zoning; Litigation; Collections; Traffic Offenses; and Personal Injury.*
The information transmitted in this e-mail message and attachments, if any, may be attorney-client information, including privileged and confidential matters, and is intended only for the use of the individual or entity named above. Distribution to, or review by, unauthorized persons is prohibited. All personal messages express views solely of the sender, which are not to be attributed to Austgen Kuiper Jasaitis P.C. If you have received this transmission in error, immediately notify us by reply email or contact us at (219) 663-5600 and permanently delete this transmission including attachments, if any. Thank you.
All personal messages express the views only of the sender, which are not to be attributed to Austgen Kuiper Jasaitis P.C., and may not be copied or distributed without this statement.

**From:** dlf9601@aol.com <dlf9601@aol.com>
**Sent:** Wednesday, August 28, 2024 9:33 AM
**To:** Tim Kuiper <tkuiper@austgenlaw.com>
**Cc:** 'douglas miller' <dougmiller2000@yahoo.com>; 'Mells' <emells73@yahoo.com>
**Subject:** Duke of Oil/Hands On

Tim, attached to this email is a revised redline version of the proposed Purchase and Sale Agreement between our clients. I have removed Gentle Touch from the agreement and provided a new contingency requiring a judgment terminating

3

Gentle Touch's right to possession and determining that it has no rights in the land lease or any of the equipment or fixtures being sold by Hands-On. I think it is imperative that Gentle Touch not be a party to this agreement. Please review this. Both my clients and I are available to meet to discuss this if you so desire.

Daniel L. Freeland
Daniel L. Freeland and Associates, P.C.
9105 Indianapolis Blvd.
Highland, In. 46322
(219) 922-0800
(219) 922-1261 fax
Board certified- Business Bankruptcy Law
and Consumer Bankruptcy Law
American Board of Certification

