**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| HANDS ON PREMIUM CAR WASH, LLC, | ) ) | CASE NO: 25-20255 |
| Debtor. | ) | |
| _____ | | |
| HANDS ON PREMIUM CAR WASH, LLC, | ) ) | |
| Plaintiff, | ) | |
| vs. | ) | ADVERSARY NO: 25-02013 |
| ELAINE KARAGAN, | ) | |
| Defendant. | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Adversary Defendant Elaine Karagan ("Karagan"), by counsel, pursuant to Fed. R. Bankr. P. 7056, along with Fed. R. Civ. P. 56 moves for an entry of summary judgment in favor of Defendant as to all counts in the Adversary Complaint filed by Debtor/Adversary Plaintiff Hands On Premium Car Wash, LLC ("Hands On") on April 3, 2025.  In support of this Motion for Summary Judgment, Karagan states the following:

1.	On April 3, 2025, Hands On filed a two count Adversary Complaint.

2.	The Adversary Complaint was filed by Hands On in an improper effort to salvage a lease interest in the property commonly known as 8445 Wicker Avenue, St. John, Indiana ("Premises").

3.	Karagan's position is that Karagan terminated any and all lease interest of Hands On with respect to the Premises on October 15, 2024, and that Hands On has no rights with respect to the terminated lease interest, because (a) 11 U.S.C. § 365(c)(3) prohibits Hands On from reviving such terminated lease interest through any making any fraudulent transfer claims under the Bankruptcy Code and (b) Ind. Code § 32-18-2-18(e) prevents Hands On from reviving the terminated lease interest through any fraudulent transfer claims under Indiana law, except

under I. C. § 32-18-2-14(a)(1), which is not applicable to this case. Moreover, the Debtor received reasonable equivalent value upon being released from the remaining obligations under the lease, and the doctrine of unclean hands prevents Debtor from prevailing on any requested relief asserted in Debtor's adversary complaint.

4.	In support of this Motion for Summary Judgment, Karagan has filed a separate Memorandum of Law in Support of Motion for Summary Judgment, a separate affidavit in support of the motion, and a separate Statement of Material Facts.

5.	It should further be noted that Karagan at this time is not making any claims as to any personal property that remains on the Premises, but Karagan reserves the right to assert any existing and future claims with respect to any warehouseman's lien or other claims that Karagan may have with respect to any personal property that remains on the Premises, because at this time Karagan has yet to determine whether she wishes to pursue any such claims against the personal property.

WHEREFORE, Karagan respectfully requests that this Court enter an order of summary judgment in favor of Karagan and denying all the requested relief that Hands On requested in its Adversary Complaint and grant all other just and proper relief.

ADVERSARY DEFENDANT ELAINE
KARAGAN, by counsel,
**KORANSKY, BOUWER & PORACKY, P.C.**
BY: */s/* James M. Yannakopoulos
James M. Yannakopoulos (#25164-45)
425 Joliet St. Ste. 425
Dyer, IN 46311
Telephone: (219) 865-6700
Facsimile:  (219) 865-5839
E-mail: jyannako@kblegal.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all counsel and parties with copies being sent via first class mail postage prepaid for those parties who do not receive email notices according to the CM/ECF System.

Via CM/ECF email to:
Daniel L. Freeland - dlf9601@aol.com

By:    /s/ *James M. Yannakopoulos*
James M. Yannakopoulos (#25164-45)